Curia, per

Wardlaw, J.
The Insolvent Debtors Act of 1759 directs, that all the creditors of the petitioner should be “ summoned by public notice, to be given three months at least, in one or other of the Gazettes, or for want of a Gazette, then in such manner as the said court, or the Justices thereof, shall direct.” It seems to contemplate a discharge, either by the Courts or by the Justices at Chambers, and was specially adapted to the condition of the province then existing; but, with slight changes made by subsequent statutes, it is yet of force, and has, by practice, been accommodated to the present judicial arrangements of the State. Whether the words “for want of a Gazette” would be satisfied by the non-existence of a Ga *193 zette in the District where the petition may be filed, it is unnecessary now to consider — for wherever the want of a Gazette may authorize some other manner of giving notice, such manner may be directed by the Court or Justices ; and without such direction, a notice at the door of the Court House, would not satisfy the terms of the Act. No special direction was given in this case, and it does not appear to this court that any uniform and well established practice of giving the notice at the door of the Court House in Districts where no Gazette is printed, has prevailed so as to amount to a general direction. In some Districts there has been such an usage, but in many others having no Gazette, the notice has always been published in some Gazette of the State. This latter course is conformable to the Act, is consistent with the provisions made for the notice to absent defendants in Equity, and is appropriate for the purpose of giving that publicity which ought to be given to a notice that is to affect all the creditors of the petitioner, whether they reside in the District or not, and whether they have Attorneys at Law, of not. For it will be remarked that the effect of a discharge under the Insolvent Debtors Act, is to discharge the petitioner from all further liability to suing creditors, and such creditors as ac cept a dividend; and also, to protect him from arrest, at the suit of any creditor, for twelve months.
The public notice, which by the Prison Bounds Act of 1788, the clerk is required to give, after the filing of the schedule, is usually given at the Court House door, because no form of giving it is provided by the statute ; and it is intended only to reach the plaintiff, who has made the arrest, and to whom the assignment is to be made, subject to prior incumbrances. In the distinctions between the two Acts, which in 1799 were clearly pointed out by Judge Waties (see the case of Carpenter vs. Kennedy, 2 Brev. Dig. 157, note) it is expressly said, that “ under the Insolvent Debtors Act, the petitioner must be discharged by'the court of Common Pleas, in open court, after notice to all the creditors published in the Gazette.” This decision has long regulated the practice, and renders the court now less careful to respect a partial usage to the contrary, which *194 seems to be unnecessary, and is liable to great abuses. It is not presumed, that as to discharges which have already been made, any inquiry into the irregularity of proceedings can go behind the order of discharge ; but as to the present and future cases, it is intended hereby to correct all diversity of practice.
The motion is therefore dismissed.
Richardson, O’Neall, Butler, Evans and Frost, JJ. concurred.